UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
JEVON LEWIS,                            :
                                        :
          Petitioner,                   :    Civ. No. 16-8997 (NLH)
                                        :
     v.                                 :    OPINION
                                        :
UNITED STATES OF AMERICA,               :
                                        :
          Respondent.                   :
_____:


APPEARANCES

Jevon Lewis
Allenwood
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3000
White Deer, PA 17887
     Petitioner, pro se

HILLMAN, District Judge

     Petitioner Jevon Lewis ("Petitioner"), an inmate currently

confined at United States Penitentiary ("USP") Allenwood in

White Deer, Pennsylvania has submitted a motion to vacate, set

aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF

No. 1).  For the reasons set forth below, the Petition will be

DISMISSED.

**I.  BACKGROUND**

     Petitioner was one of three co-defendants tried and

convicted for participating in an extensive drug-trafficking

conspiracy based out of Camden, New Jersey.  After a two month trial, a jury found Petitioner guilty on three counts: conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, under 21 U.S.C. § 846 and § 841(b)(1)(A); murder in furtherance of a drug-trafficking conspiracy, under 21 U.S.C. § 848(e)(1)(A); and murder in the course of a firearms offense, under 18 U.S.C. § 924.  (United States v. Lewis, Crim. Action No. 06-76 (JEI), ECF No. 281.) The court sentenced Petitioner to a term of life imprisonment plus 120 months.  (Id. at ECF No. 317.)  Petitioner appealed and the Third Circuit affirmed the conviction and sentence.  United States v. Lewis, 447 F. App'x 310, 313 (3d Cir. 2011).

Thereafter, Petitioner filed his first 2255 petition. (Lewis v. United States, Civil Action No. 13-1453 (JEI).) The court issued a Miller notice[1] on June 14, 2013, to which Petitioner never responded. (Id. at ECF No. 2.)  Respondent, United States of America ("Respondent"), filed an answer on April 11, 2014 (Id. at ECF No. 7), and Petitioner filed a reply on May 16, 2014 (Id. at ECF No. 10).

The petition alleged two grounds for relief: (1) Petitioner was actually innocent of the crimes; and (2) Petitioner's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[1] United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

(Id. at ECF No. 1.)  On June 9, 2015, the Honorable Joseph E. Irenas, United States District Judge, denied the petition on the merits.  (Id. at ECF Nos. 16, 17.)  Petitioner did not file an appeal.

The instant 2255 Petition followed.  (ECF No. 1.)  In this second Petition, Petitioner raises the following grounds for relief:[2] (1) "Mr. Lewis challenge Victim Restitution under 16(b) which is identical 924(c)(3)(b) and applys to Beckles v. US, No. 15-8544 Hold in abeyance"; (2) "Mr. Lewis challenge Dued Counsel Ineffectiveness For Not Challenging That 846 Charge Was Lessor Include Offense Than 848(e) Therefore 924(c) Should Be Dismiss and Cannot stand See (Beckles No. 15-854 [cuts off]"; (3) "Mr. Lewis Did District Court Fail To Determine Whether Defendant Possessed The Requisite Mental State To Satisfy The Definition of first Degree Murder Instead Second degree"; (4) "Mr. Lewis Challenge Beckles/FSA Should Be Retroactive To 50 grams or more Cocaine Base";(5) "Did Counsel Show Ineffectiveness In Not Challenging Sentencing Manipulation"; (6) "Did Counsel Establish Ineffectiveness For Not Severance Judge Testimony and Calling Available Witness Lacreia Lewis As Alibi Witness or Subpeona records from Travel Agent(Liberty Travel) Trip To

---

[2] Spelling and grammar errors in the original are retained.

Mexico; and (7) "Amendment 794 Effective November 1, 2015 and is
Dued November 1, 2016. 2255(f)(2)."

## II.  DISCUSSION

### A. Jurisdiction

On April 24, 1996, Congress enacted the Anti-Terrorism and
Effective Death Penalty Act ("AEDPA"), which limits a district
court's jurisdiction over second or successive § 2255 motions.
See United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999).
"Before a second or successive application permitted by this
section is filed in the district court, the applicant shall move
in the appropriate court of appeals for an order authorizing the
district court to consider the application."  28 U.S.C. §
2244(b)(3)(A).  Similarly, Rule 9 of the Rules Governing Section
2255 Proceedings, entitled "Second or Successive Motions,"
provides: "Before presenting a second or successive motion, the
moving party must obtain an order from the appropriate court of
appeals authorizing the district court to consider the motion,
as required by 28 U.S.C. § 2255."  28 U.S.C. § 2255 Rule 9.

The Court of Appeals may certify or authorize the filing of
a second or successive § 2255 motion in the district court only
if it contains:

> (1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole,
> would be sufficient to establish by clear and
> convincing   evidence   that   no   reasonable

4

> factfinder would have found the movant guilty
> of the offense; or
>
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by
> the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h)(1) and (2); see In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); In re Pendleton, 732 F.3d 280 (3d Cir. 2013).

Section 2255(h), read in conjunction with 28 U.S.C. § 2244(b)(3)(A) and Rule 9, establishes that a district court lacks jurisdiction over a second or successive § 2255 motion that has not been certified or authorized by the court of appeals. See In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Before a second or successive section 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion").

Here, while the exact nature of Petitioner's claims are unclear, what is clear is that he is attempting to raise new challenges to his 2009 conviction that were not presented in his previously denied § 2255 motion. This Court lacks jurisdiction to entertain the present § 2255 motion because the Third Circuit Court of Appeals has not authorized Petitioner to file a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A); Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) ("A

petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

**B. Dismissal or Transfer**

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Petitioner has already filed an application for authorization to file a second or successive § 2255 motion which remains pending with the Third Circuit. See In Re: Jevon Lewis, Civil Action No. 16-4066 (3d. Cir. 2016). Therefore, it is unnecessary for the Court to transfer this Petition and it will be dismissed.

**III. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from an order entered on a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also 28 U.S.C. § 2255(d). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal for lack of

6

jurisdiction of the § 2255 motion is correct.  See <u>Slack v.</u>
<u>McDaniel</u>, 529 U.S. 473, 484 (2000).

**IV. CONCLUSION**

    Based on the foregoing, the Court will dismiss the § 2255
motion and deny a certificate of appealability.  An appropriate
order follows.


Dated: <u>December 27, 2016</u>       <u>s/ Noel L. Hillman</u>
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.